UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and KEVAN MULLINS, Revenue Agent, ) ) | CASE NO. 10-cv-2435-JL |
| Petitioners, ) ) | |
| v. ) ) | [proposed] ORDER |
| JOHN HOM, ) ) | |
| Respondent. ) | |

This matter is before the court on an order to show cause why respondent John Hom should not be required to appear before the Internal Revenue Service (IRS) in compliance with an IRS summons. Mr. Hom filed papers in response to the order to show cause claiming that the IRS was improperly using summons authority to gather information related to a foreign bank account report, which Mr. Hom claims the IRS cannot examine.[1] Having considered the moving papers and all other evidence of record, the petition is GRANTED.

I. BACKGROUND

According to the petition, the IRS is conducting an investigation to ascertain respondent's the tax liabilities. (Pet. ¶ 3). Petitioners believe that respondent has possession and

---

[1] On June and August , 2010 the parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); Civ. L.R. 72-3.

*ORDER*
*Case No. 10-2435*          1

control of records, documents and other information concerning the IRS's inquiry, as to which the IRS has no access, possession or control. (See id. ¶ 6). As part of its investigation, petitioners served a summons on respondent; and, the record before the court shows that service properly was made pursuant to 26 U.S.C. § 7603.[2] On May 7, 2010, petitioner Mullins served a summons on respondent by leaving a copy of the summons at his last and usual place of abode. (See id. ¶ 7 and Ex. A). Respondent did not appear on May 19, 2010, as requested. (Pet. ¶ 9).

On June 2, 2010, petitioners filed the instant verified petition to enforce the summons. On June 11, 2010, this court issued an order to show cause setting a hearing for September 8, 2010. The parties appeared at the hearing and the Court GRANTED the petition and overruled respondent's objections.

## II. DISCUSSION

Under 26 U.S.C. § 7602(a), the IRS is authorized to issue a summons relevant to the investigation of any taxpayer's liability. Summons may be issued for the purposes of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or. . . collecting any such liability." 26 U.S.C. § 7602(a); see also Crystal v. United States, 172 F.3d 1141, 1143 (9th Cir. 1999) (quoting 26 U.S.C. § 7602(a)); United States v. Reed, 105 A.F.T.R.2d (RIA) 862 (N.D. Cal. 2009). To enforce a summons, the IRS must establish a *prima facie* case for enforcement by showing that the summons (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already in the IRS's possession; and (4) satisfies all of the administrative steps set forth in the Internal Revenue Code. United States v. Powell, 379 U.S. 48 57-58 (1964). "The government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the Powell requirements have been met." Crystal,

---

[2] Title 26 United States Code, Section 7603 provides that service of summons shall be made "by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode." 26 U.S.C. § 7603(a). Further, "the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons." Id.

*ORDER*
*Case No. 10-2435* 2

172 F.3d at 1144 (quoting United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993)). "The burden is minimal because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted." Id. (quoting Liberty Fin. Servs. v. United States, 778 F.2d 1390, 1392 (9th Cir.1985)).

Once the government has met its burden in establishing the Powell elements, if the taxpayer chooses to challenge the enforcement, he bears a heavy burden to show an abuse of process or lack of good faith on the part of the IRS. Indeed, "[e]nforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses." Crystal, 172 F.3d at 1144 (quoting United States v. Den, 968 F.2d 943, 945 (9th Cir. 1992)). "The taxpayer must allege specific facts and evidence to support his allegations' of bad faith or improper purpose." Id. (quoting United States v. Jose, 131 F.3d 1325, 1328 (9th Cir. 1997)). As explained by the Ninth Circuit:

> The taxpayer may challenge the summons on any appropriate grounds, including failure to satisfy the Powell requirements or abuse of the court's process. Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation. In addition, it has become clear since Powell that gathering evidence after having decided to make a recommendation for prosecution would be an improper purpose, and that the IRS would be acting in bad faith if it were to pursue a summons enforcement under these circumstances. While neither the Powell elements nor the LaSalle requirements is an exhaustive elaboration of what good faith means, still the dispositive question in each case is whether the Service is pursuing the authorized purposes in good faith.

Id. at 1144-45 (internal quotes and citations omitted).

While the government's burden is not great, it is not necessarily satisfied by an agent's mere assertion of relevance. United States v. Goldman, 637 F.2d 664, 667 (9th Cir. 1980). Once a summons is challenged, it must be scrutinized by the court to determine whether it seeks information relevant to a legitimate investigative purpose, and the court may choose either to refuse enforcement or narrow the scope of the summons. Id. at 668.

In the instant case, petitioners have met their initial burden of showing that the Powell elements have been satisfied, largely through the verification of the petition by Revenue Agent Mullins. See Crystal, 172 F.3d at 1144 (finding that the special agent's declaration satisfied the Powell requirements and that the government therefore "established a prima facie case to enforce

*ORDER*
*Case No. 10-2435* 3

the summonses"); Dynavac, Inc., 6 F.3d at 1414 (stating that the government's burden "may be satisfied by a declaration from the investigating agent that the Powell requirements have been met."); United States v. Bell, 57 F. Supp.2d 898, 906 (N.D. Cal. 1999) ("The government usually makes the requisite *prima facie* showing by affidavit of the agent."); United States v. Panzo, 105 A.F.T.R.2d 2010-1648 (N.D. Cal. 2010) (same).

Here, the verified petition indicates that the IRS's investigation is being conducted for a legitimate purpose of ascertaining respondent's income for certain periods of time. (See Pet. ¶¶ 3-4). The summons is relevant to that purpose. The summons asks him to appear and bring with him documents pertaining to certain bank accounts that may shed light on respondent's income or assets for those periods. (See id. Ex. A). The petition further indicates that the information is not already in the IRS's possession, that there has been no referral for criminal prosecution of this matter, and that all administrative steps required by the Internal Revenue Code for the issuance of the summons have been taken. (See Pet. ¶¶ 6, 11, 12 and Exs. A and B).

Respondent has not met his burden of showing an abuse of process or lack of good faith on the part of the IRS, and this court GRANTS the verified petition to enforce the IRS summons.

Respondent is ORDERED to provide the records requested in the attached IRS summons by October 15, 2010;

Petitioner is DIRECTED to serve a copy of this ORDER on respondent;

The parties shall file a status report indicating whether further hearings are necessary, or a stipulated dismissal, by October 22, 2010;

The parties are ORDERED to meet and confer prior to requesting any hearing concerning a dispute over compliance with this ORDER.

IT IS SO ORDERED.

Dated: September 27, 2010

JAMES LARSON
U.S MAGISTRATE JUDGE